**UNITED STATES of America, Plaintiff,**

v.

**ESTATE OF Leo L. BENWAY, Leo L. Benway, Jr., and Nancy J. Vasseur, Defendants.**

No. 98 CV 154.

United States District Court,
D. Vermont.

Sept. 16, 1998.

Melissa A.D. Ranaldo, Asst. U.S. Atty., Office of the United States Attorney, District of Vermont, Burlington, VT, for U.S.

Leo L. Benway, Jr., Worcester, VT, for Leo L. Benway, Jr., defendant.

Nancy J. Vasseur, Montpelier, VT, for Nancy J. Vasseur, defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

On May 13, 1998, Plaintiff United States of America ("United States") filed a Foreclosure Complaint against the Estate of Leo L. Benway, Leo L. Benway, Jr., and Nancy J. Vasseur. This Court has since dismissed the Estate of Leo L. Benway as a defendant (Paper # 9), and an Entry of Default has been entered as to Defendant Nancy J. Vasseur. This action is now before the Court on the United States' Motion for Summary Judgment against Leo L. Benway, Jr., filed August 12, 1998. No opposition has been filed to this motion.

The United States complains that on or about July 15, 1983, Leo L. Benway and Virginia E. Benway, now deceased, executed to it a duly recorded real estate mortgage covering certain lands and premises. A decree of distribution issued by the Washington District Probate Court decreed the real estate to Leo L. Benway, Jr., and Nancy J. Vasseur. The mortgage was conditioned upon the payment of a certain promissory note dated July 15, 1993, in the principal sum of $35,000.00 bearing interest at the rate of 10.75% per annum, and modified as to rea-

mortization and deferral on March 15, 1989. The United States complains that the note provided that upon default by the borrowers, it could declare all or any part of any such indebtedness immediately due and payable; such default and failure to pay real estate taxes occurred, and acceleration took place on July 23, 1997. The United States further complains that it is entitled to the principal sum of $35,001.09 plus interest in the amount of $19,101.72, which interest accrues at the daily rate of $10.3085, an interest credit subsidy subject to recapture pursuant to an interest credit agreement in the amount of $28,706.33, and fees in the amount of $4,761.33. The United States complains, finally, that it may be compelled to make advance payments for taxes, hazard insurance, water and sewer charges or other municipal assessments in order to protect its property.

Leo J. Benway, Jr., answered the Complaint on August 5, 1998. He admitted all material facts in the Complaint, denying only the following:

Paragraph # 9: Denying as a conclusion of law that the note provides that upon default by the borrowers of any payment, the United States at its option may declare all of any part of any such indebtedness immediately due and payable

Paragraph # 10: Denying for lack of information that an interest credit agreement was in effect from March 15, 1992, to March 15, 1993;

Paragraph # 11: Denying for lack of information what the amounts due and owing are, as of the date of the Complaint;

Paragraph 12: Denying for lack of sufficient knowledge that the United States may be compelled to advance monies to protect and preserve its security interest in the property, and

Paragraph # 13: Denying as a conclusion of law that no other action has been brought to enforce the provisions of the note and mortgage, that all conditions precedent to the bringing of the action have been performed or have occurred and that the United

States has complied with the requirements of all applicable servicing regulations.

The Defendant did not raise any defense to the allegations in his Answer. Further, he has not objected to the United States' Statement of Undisputed Material Facts, which includes all the material facts asserted in the Complaint.

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when it affects the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute over a material fact exists when the evidence requires a fact finder to resolve the parties' differing versions of the truth at trial. *Id.* at 249, 106 S.Ct. 2505 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). "Uncertainty as to the true state of any material fact defeats the motion." *Gibson v. American Broadcasting Companies, Inc.,* 892 F.2d 1128, 1132 (2d Cir.1989).

A party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

Under Local Rule 7.1(a)(6), "if no opposition is filed, a motion is deemed unopposed and is granted without oral argument, unless the court in its discretion deems it necessary to set the motion for hearing."

Further, in the absence of any answer or objection to the contrary, the United States has clearly demonstrated that there is no genuine issue of material fact in dispute, nor does the defendant, Leo L. Benway, Jr., oppose the granting of the United States' Motion for Summary Judgment. Based upon these material facts and the lack of objection, the Court finds that the United States is entitled to foreclosure.

WHEREFORE, Plaintiff United States' Motion for Summary Judgment is GRANTED (Paper # 6).